<div style="border: 1px solid red; color: red;">EXHIBIT "A"</div>

**After Recording Return To:**
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, California 92618

**This Document Prepared By:**
KELVIN TORRES
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, California 92618

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: **$178,500.00**
Land Mortgage Document Number: _____
Land Instrument Number: _____
Land Book Number: _____
Land Page Number: _____

Loan No: **7600308975**

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this **26th** day of **March, 2018**, between **GAIL A. BALSER, SOLELY** ("Borrower") and Owner, by and through **Rushmore Loan Management Services LLC**, as current servicer and agent, whose address is **15480 Laguna Canyon Road, Irvine, California 92618** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **April 05, 2005** and recorded in Book/Liber **14665**, Page **350**, Instrument No: **18982**, of the Official Records of **BRISTOL County, MA** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**468 OLD POST ROAD, NORTH ATTLEBORO, MA 02760**,
(Property Address)
the real property described being set forth as follows:

**SEE ATTACHED EXHIBIT A**

**Derivation Clause:**
The Instrument constituting the source of **GAIL A. BALSER**'s interest in the foregoing described Property was a _____, from _____, Grantor, to **GAIL A. BALSER**, Grantee, recorded on _____ at Book 14665, Page 350 under Instrument No. 18982 in the Register's Office of BRISTOL County, MA.

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Massachusetts
Mortgage Cadence Document Center © 8843 08/14

Form 3179 1/01 (rev. 4/14)
(page 1 of 5)

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **March 26, 2018**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$205,000.00**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus Interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.750%**, from **April 1, 2018**. Borrower promises to make monthly payments of principal and interest of U.S. **$841.60**, beginning on the **1st** day of **May, 2018**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **3.750%** will remain in effect until principal and interest are paid in full. If on **July 1, 2056** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

   (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

   (d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

   (e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

   (f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

   Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address

Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

6. Notwithstanding anything to the contrary contained in this Agreement, if a discharge has been granted, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
GAIL A. BALSER -Borrower

_____ [Space Below This Line For Acknowledgments] _____

Commonwealth of Massachusetts, ___Bristol___ County ss :

On this _28th_ day of ___March___, 20_18_, before me, the undersigned notary public, personally appeared ___Gail Balser___

(document signer) proved to me through satisfactory evidence of identification, which were ___license___, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

Official Signature and Seal of Notary

My commission expires : __02/22/24__

JAMIE C. LAFFAN
Notary Public
Commonwealth of Massachusetts
My Commission Expires
February 22, 2024

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Massachusetts    Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8843 08/14                                                (page 4 of 5)

Origination Company: **Rushmore Loan Management Services LLC**
NMLSR ID: ▮▮▮▮▮

**Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender
Name: _____Tim Lightfoot_____
Title: _____Vice President_____

_____4/25/18_____
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

State of _____**TEXAS**_____, _____**DALLAS**_____ County ss :

On this __25__ day of __April__, 20__18__, before me, the undersigned notary public, personally appeared __Tim Lightfoot__, the _____**Vice President**_____ of __Default Credit Risk__,

(document signer) proved to me through satisfactory evidence of identification, which were

_____Personally Known_____, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

_____KCZeppa_____
Official Signature and Seal of Notary

> KIRSTEN COOPER ZEPPA
> Notary Public, State of Texas
> Comm. Expires 11-25-2018
> Notary ID 13003657-5

## ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: ▮▮▮▮▮▮

FHA/VA Case Number:

Borrower(s): **GAIL A. BALSER**

Property Address: **468 OLD POST ROAD, NORTH ATTLEBORO, MA 02760**

Servicer: **Rushmore Loan Management Services LLC**

The undersigned Borrower(s) for and in consideration of the above-referenced Servicer modifying the terms of your mortgage loan, agrees that if requested by your Servicer, to fully cooperate and adjust for clerical errors, any or all loan modification documentation deemed necessary or desirable in the reasonable discretion of Servicer to enable Servicer to sell, convey, seek guaranty or market said loan to any entity, including but not limited to an Investor, Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, Department of Housing and Urban Development, or the Department of Veterans Affairs, or any Municipal Bonding Authority.

I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

The undersigned Borrower(s) agree(s) to comply with all above noted requests by the above-referenced Servicer within 15 days from date of mailing of said requests. Borrower(s) agree(s) to assume all costs including, by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to comply with correction requests in the above noted time period.

The undersigned Borrower(s) do hereby so agree and covenant in order to assure that this loan modification documentation executed this date will conform and be acceptable in the marketplace in the instance of transfer, sale or conveyance by Servicer of its interest in and to said loan modification documentation, and to assure marketable title in the said Borrower(s).

DATED this **26th** day of **March, 2018.**

_____ (Seal)
**GAIL A. BALSER** -Borrower




Mortgage Cadence Document Center © 9572 08/13    Errors and Omissions/Compliance Agreement

Loan No: █████
Borrower: BALSER

# EXHIBIT A

The land with the buildings and structures thereon situated in North Attleboro, County of Bristol and Commonwealth of Massachusetts, situated on the easterly side of Old Post Road, bounded and described as follows:

Beginning at a highway bound situated in the easterly side of Old Post Road, said bound being the northwesterly corner of the premises herein conveyed; thence northeasterly bounded northwesterly by Interstate Route 295, a distance of 223 feet more or less to a point, an angle; thence South 17 degrees 19' 33" West, a distance of 137 feet more or less to a point, a corner; thence North 77 degrees 48' 27" West, a distance of 200 feet more or less to a point in the easterly line of Old Post Road; thence North 17 degrees 19' 33" East, a distance of 53.62 feet to the first point and place of beginning.

Being designated as Pel. A shown on that plan entitled "Plan of Land in North Attleboro, Mass., Drawn for W. & R. Realty, Inc. Jan. 1971 The W.T. Whalen Eng. Co. Scale 1 inch = 40 feet" which plan is recorded with the Bristol County Northern District Registry of Deeds, Plan Book 130 in Page 6.

For title see deed recorded with Bristol County Registry of Deeds in Book 10430, Page 266.

Loan No: █████

# BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT

**GAIL A. BALSER**
**468 OLD POST ROAD**
**NORTH ATTLEBORO, MA 02760**

THIS BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT (the "Balloon Addendum") is made this **26**$^{TH}$ day of **March, 2018**, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement (the "Modification Agreement" together, the "Agreements") entered into by the undersigned ("Borrower"), in favor of Owner, by and through **Rushmore Loan Management Services LLC**, as current servicer and agent for owner ("Lender"). The Agreements amend and supplement (1) the Mortgage, Deed of Trust or Security Deed and any applicable Riders (the "Security Agreement"), and (2) the Note bearing the same date as, and secured by, the Security Agreement.

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Modification Agreement, Borrower and Lender further covenant and agree as follows:

1. In an effort to assist the borrower in meeting their monthly obligations and upon execution of the Agreements, Lender agrees to immediately forgive an amount equal to **$78,529.31** (the "Forgiven Amount").

2. In addition, Lender will agree to defer payment in the amount of **$0.00** (the "Balloon Amount"), which will be due and payable on the earliest of (a) the date the borrower sells or transfers an interest in the property, (b) the date the borrower pays the entire Interest Bearing Principal Balance, or (c) the maturity date of **July 1, 2056**. Lender will not charge interest on this Balloon Amount.

3. The payment of Principal and Interest listed in Paragraph 2 of the Modification Agreement is the payment necessary to amortize **$205,000.00**, which is the portion of the Unpaid Principal Balance not affected by the adjustments described in Paragraphs 1 and 2 of this Balloon Addendum.

The Agreements only modify the Security Agreement and Note in regard to the provisions addressed. All other terms and conditions of the Security Agreement and Note remain in full force and effect.

BY SIGNING BELOW, Lender and Borrower accept and agree to the terms and provisions contained in this Balloon Addendum.

_____/s/ Gail A. Balser_____(Seal)
**GAIL A. BALSER**–Borrower


**Rushmore Loan Management Services LLC**

By: ____/s/_____(Seal) - Lender
Name: Tim Lightfoot
Title: Vice President

____4/25/18____
Date of Lender's Signature